**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CO-PATENT OWNERS # U.S. 6,889,615,

       Plaintiffs,                              Case Number: 08-CV-13786

v.                                                    JUDGE PAUL D. BORMAN
                                                       UNITED STATES DISTRICT COURT

STATE OF MICHIGAN,

       Defendant.
_____/

**<u>ORDER DISMISSING PLAINTIFFS' COMPLAINT WITHOUT PREJUDICE</u>**

Plaintiffs Co-Patent Owners # U.S. 6,889,615 ("Plaintiffs") filed a complaint against the State of Michigan on July 3, 2008 in the United States District Court for the Southern District of Florida. On August 22, 2008, United States District Judge William J. Zloch transferred the action to this Court. Following the transfer, this Court granted Plaintiffs' application to proceed *in forma pauperis* on February 27, 2009.

From what the Court can glean from the Complaint, Plaintiffs' claims primarily revolve around their allegation that the State of Michigan wrongfully exercised jurisdiction in a case to which he was a party (07-2607-DM 22nd Cir. Mich), after that case was legitimately and legally removed from the Michigan courts to the United States District Court for the Eastern District of Michigan on November 20, 2007.[1] In support of this allegation, Plaintiffs argue that the notice of

---

[1] While the Complaint generally follows the a proper format, it is vague and presents many unsupported and conclusory claims. To the extent that the Complaint asks this Court to review the state court's judgment or alleges the state court decision was unconstitutional, those claims would be barred by *the Rooker-Feldman* doctrine.
      The *Rooker-Feldman* doctrine is based upon the principle that a federal district court does not have appellate jurisdiction to review a state court judgment, as that power is reserved to the Supreme Court under 28 U.S.C. § 1257. *See Exxon Mobil Corp. v. Saudi Basic Industries*

removal is exhibited as part of the record in *Hogan-Bridgewater v. Bank One Delaware, N.A.*, No. 05-40330 (E.D. Mich. dismissed Jan. 23, 2006).

The Court has reviewed the entire docket in that case and cannot find any indication that the case was legitimately and legally removed to this Court. There is no notice of removal and none of the other statutory requirements for removal have been met.[2] In fact, the court dismissed that case after Paul Bridegewater, one of the co-patent owners in this case, filed a Motion to Permit Expiration of Civil Action. (Case No. 05-40330, Dkt. Nos. 3, 4).

The lack of any notice of removal is especially damning to Plaintiffs' claim that the case had been removed. That is, under the removal statutes, the defendant in the state court proceedings is required to file a copy of the notice of removal with the clerk of the state court, "which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. 1447(d). Without any such filing, the state court is not properly notified that it has been ousted of jurisdiction.

---

*Corp.*, 544 U.S. 280 (2005). In *Exxon Mobil* the Supreme Court explained:
> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgment.

*Id.* at 284. This principle holds true even in regard to allegations that "the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Blanton v. United States*, 94 F.3d 227, 233-34 (6th Cir. 1996).

[2] The only mention of removal in that case was on the "Civil Cover Sheet," where the plaintiffs checked a box that the case had been removed from state court; and in the first paragraph of the complaint, where the plaintiffs claim that the unconstitutional acts of the defendants have prohibited adjudication of a case from the Wayne County Circuit Court (03-339562-CZ) that allegedly had been removed from state court and "consolidated herein." (Case No. 05-40330, Dkt. No. 1).

To be sure, a district court may enjoin the state court from further adjudicating proceedings that have been removed to federal court. *See Mitchum v. Foster*, 407 U.S. 225, 234 (1972). But in order for a district court to take any such kind of action, the proceedings must have been properly removed in the first place. *Id*. That simply is not the case here.

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Plaintiffs' complaint is, on its face unsubstantial, devoid of merit, and no longer open to discussion.

Accordingly, the Court **DISMISSES** Plaintiffs' Complaint **WITHOUT PREJUDICE**.

**SO ORDERED.**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 27, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 27, 2009.

S/Denise Goodine
Case Manager